# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HERON COVE, LLC, | ) | Case No. 3:26-bk-02089 |
| (EIN XX-XXXXXXX) | ) | (Chapter 7) |
| | ) | Judge Randal S. Mashburn |
| Alleged Debtor. | ) | |
| | ) | |
| OLIVER C. CARMICHAEL III, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Contested Matter |
| | ) | |
| CASTLEROCK COMMUNITIES | ) | |
| TENNESSEE, LLC, | ) | |
| | ) | |
| Respondent. | ) | |

_____

## RESPONSE IN OPPOSITION TO INVOLUNTARY PETITION
_____

The respondent, CastleRock Communities Tennessee, LLC ("CastleRock"), a creditor and party in interest in the above-captioned matter, submits this response to the "Involuntary Petition Against a Non-Individual" filed April 30, 2026. CastleRock opposes the requested relief because the petition appears to reveal on its face that the sole petitioning creditor alleges a fully secured claim and is therefore ineligible to sustain an involuntary petition under Bankruptcy Code section 303. In support of this response, CastleRock would state as follows:

## *Preliminary Statement*

This appears to be a case of a single creditor attempting to misuse the bankruptcy process to gain a tactical advantage in a dispute between two creditors. The sole petitioning creditor filed this involuntary petition for one reason: to halt a scheduled foreclosure sale by a senior lienholder. However, the filing is fatally defective on its face. Under Bankruptcy Code section 303(b), a single petitioning creditor must hold an aggregate unsecured claim of at least $21,050.00 to initiate an involuntary case. The petitioning creditor explicitly characterizes his claim as an "Unpaid Secured Loan." He cannot have it both ways. If he is fully secured, he lacks standing to act alone. If he is undersecured, his petition fails to accurately reflect that reality. Nothing in the petition suggest that he is somehow waiving his lien. While CastleRock acknowledges the statutory constraints on non-debtor standing under section 303(d), the alleged debtor's absolute silence to date underscores the lack of any authentic need for federal bankruptcy oversight. This Court should exercise its inherent authority to scrutinize this facially deficient filing, intercept an abuse of process, and dismiss the petition.

## *Argument*

1. On April 30, 2026, Oliver C. Carmichael III ("Mr. Carmichael"), filed an involuntary Chapter 7 petition against the alleged debtor, Heron Cove, LLC (the "Alleged Debtor"). As of the date hereof, no other creditors have joined in the petition, and the Alleged Debtor has failed to respond, file its own voluntary petition, or otherwise engage with the Court or with CastleRock. The silence underscores that this case requires neither bankruptcy relief nor federal oversight. Instead, it appears Mr. Carmichael is improperly

deploying the bankruptcy court as an administrative hammer to squeeze payment from the Alleged Debtor, leaving legitimate creditors to watch the estate's remaining value erode.[1]

2. CastleRock holds a legitimate, allowed secured claim against the Alleged Debtor in the amount of at least $6,948,112.40 as of May 1, 2026. Prior to the filing of the involuntary petition, CastleRock had noticed a May 11, 2026, foreclosure sale of the Alleged Debtor's 69.78-acre real property on Earhart Road, Mt. Juliet, Tennessee. Upon information and belief, Mr. Carmichael asserts a junior lien against this same property and filed the petition in an effort to bypass or prevent the foreclosure sale from going forward.

3. With the petition, Mr. Carmichael alleges that the nature of his claim is an "Unpaid Secured Loan" with "Accrued Unpaid Interest" totaling $408,905.00 more than the "[a]mount of the claim above the value of any lien." If the amount of Mr. Carmichael's claim is indeed $408,905.00 more than the value of any lien, then he is an unsecured creditor, not a secured creditor.

4. If Mr. Carmichael, in fact, possesses an "Unpaid Secured Loan" with "Accrued Unpaid Interest" and is actually a fully secured creditor, then he lacks the statutory standing required to maintain this action. 11 U.S.C. § 303(b).

5. A fully secured creditor does not hold an unsecured claim and therefore cannot serve as a lone petitioning creditor to initiate an involuntary bankruptcy proceeding. 11 U.S.C. § 303(b). See, e.g., In re Bos, 561 B.R. 868 (N. D. Fla. 2016); In re Miller, 2013 Bankr. LEXIS 945, (E.D. Tenn. 2013) (general rule is that fully and partially secured creditors can be petitioning creditors; however, the other petitioning creditors'

---

[1] CastleRock has made no investigation to determine whether there are 12 or more holders of a claim against the Alleged Debtor.

noncontingent, undisputed, unsecured claims must aggregate at least $21,050.00); <u>In re James Plaza Joint Venture</u>, 67 B.R. 445 (S.D. Tex. 1986).

6. However, it is undisputed that Mr. Carmichael may waive his lien and participate in an involuntary petition as an unsecured creditor. <u>See</u> <u>Spilka v. Rist</u> (<u>In re Wm. J. Braun Builders, Inc.</u>), 262 F.2d 107, 107-108(6th Cir. 1958) (*per curiam*) (finding that secured creditor could participate in involuntary petition and that secured creditor's participation in involuntary petition constituted a waiver of a portion of its secured claim under the Bankruptcy Act); *cf.* <u>United States Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.</u>,484 U.S. 365, 379, 98 L. Ed. 2d 740, 108 S. Ct. 626 (1988) (noting that "an undersecured creditor is entitled to 'surrender or waive [its] security and prove [its] entire claim as an unsecured one'") (*quoting* <u>United States Nat. Bank v. Chase Nat. Bank</u>, 331 U.S. 28, 34, 91 L. Ed. 1320, 67 S. Ct. 1041 (1947)).

7. It is also undisputed that CastleRock, lacks the requisite unconditional right to directly oppose the involuntary petition. 11 U.S.C. § 303(d) (allows only "the debtor, or a general partner in a partnership debtor that did not join in the petition, . . . [to] file an answer."); Fed. R. Bankr. P. 1011 ("Who May Contest a Petition. A debtor may contest an involuntary petition filed against it."). <u>See</u> <u>also</u> <u>In re Taylor & Assocs., L.P.</u>, 191 B.R. 374, 380)(Bankr. E. D. Tenn. 1996)(the general rule is that a non-petitioning creditor has no standing to oppose an involuntary petition); <u>In re QDN, LLC</u>, 363 F. App'x 873, 875-76 (3d Cir. 2010) ("Congress chose to preclude creditors from opposing involuntary petitions because such opposition invariably was to protect a preference or to gain some unfair

Case 3:26-bk-02089   Doc 9   Filed 05/19/26   Entered 05/19/26 12:29:13   Desc Main
Document     Page 4 of 7

advantage at the expense of other creditors, contrary to the policy of providing equitable distribution of assets among all creditors.").[2]

8. Nevertheless, while CastleRock's standing may be challenged, the issue presented herein goes directly to the statutory prerequisites of Bankruptcy Code section 303. A bankruptcy court cannot properly sustain an involuntary petition where the sole petitioner may itself lack the requisite statutory standing on the face of the petition. Because this defect undermines the Court's jurisdiction and authority to grant relief, this Court should consider the arguments of CastleRock to prevent an abuse of the bankruptcy process. See In re PTGi Int'l Carrier Servs., 668 B.R. 517, 521 (Bankr. De. 2025)(court acknowledged that Congress precluded creditors from opposing involuntary petitions directly. However, the court allowed a non-petitioning creditor to join debtor's motion to dismiss, considering the allegations of bad faith by the petitioning creditors).

### *Conclusion*

For the foregoing reasons, the involuntary petition is fatally defective on its face. While CastleRock acknowledges the statutory limitations on creditor opposition under Bankruptcy Code section 303(d), a single petitioning creditor cannot invoke this Court's jurisdiction while simultaneously failing to satisfy the mandatory requirements of section 303(b). Mr. Carmichael's self-contradictory filing reveals that he is either a fully secured creditor lacking standing to act alone, or an undersecured creditor utilizing federal oversight as an improper tactical hammer to disrupt CastleRock's state-court foreclosure. To prevent

---

[2] Contemporaneously with the filing of this response, CastleRock has filed a motion to intervene pursuant to Bankruptcy Rules 1018 and 7024.

*Page 5 of 7*

an abuse of the bankruptcy process and protect the estate from unnecessary erosion, this Court should exercise its inherent authority to scrutinize Mr. Carmichael's statutory eligibility and dismiss the involuntary petition with prejudice.

WHEREFORE, CastleRock respectfully requests that the Court:

1. Dismiss the involuntary petition with prejudice;

2. Grant judgment in favor of CastleRock for damages proximately caused by Mr. Carmichael and for punitive damages under Bankruptcy Code section 303(i)(2); and

3. Grant such other relief as may be just and appropriate.

Dated: May 19, 2026.

Respectfully submitted,

 /s/ Joseph P. Rusnak
Joseph P. Rusnak
**TUNE, ENTREKIN & WHITE, P.C.**
Capitol View, Suite 600
500 11th Avenue North
Nashville, TN  37203
(615) 244-2770 Voice
(615) 244-2778 Fax
Jrusnak@tewlawfirm.com

Attorneys for CastleRock Communities Tennessee, LLC

*Page 6 of 7*

## *Certificate of Service*

I hereby certify that on May 19, 2026 a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Dated: May 19, 2026.

*/s/ Joseph P. Rusnak*
Joseph P. Rusnak

Case 3:26-bk-02089   Doc 9   Filed 05/19/26   Entered 05/19/26 12:29:13   Desc Main
Document    Page 7 of 7